IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

BAHRAM KHOSHNOOD,

     Plaintiff,

  v.

GAME WARNING SYSTEMS, INC.,

     Defendant.

CIVIL ACTION FILE

NO. 2:11-cv-308-WCO

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BAHRAM KHOSHNOOD ("Plaintiff") states his Complaint

against Defendant GAME WARNING SYSTEMS, INC. ("Defendant") as follows:

## PARTIES, JURISDICTION and VENUE

1.    This is an action for infringement of United States Patent No.

RE39,686, entitled "AMBIENT LIGHT COLLECTING BOW

SIGHT" ("the '686 patent"), a copy of which is attached hereto as Exhibit A.

2.    Plaintiff is a citizen of the State of Georgia, and a resident of this

judicial district.  On August 5, 2003, United States Patent No. 6,601,308, entitled

"AMBIENT LIGHT COLLECTING BOW SIGHT" ("the '308 Patent"), issued to

Plaintiff.  On June 12, 2007, a reissue certificate issued on the '308 Patent bearing

1

patent number US RE39,686 ("the '686 Patent").  The plaintiff owns all right, title and interest in and to the '308 Patent and the '686 Patent, and has owned them continuously since their issuance.  The '686 patent is valid and enforceable.

3.      Defendant is a Wisconsin corporation with a principal office located at 930 Pilgrim Rd., Plymouth, WI 53073.

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant pursuant to O.C.G.A. § 9-10-91 and federal law on the grounds that, upon information and belief, (i) Defendant transacts business within the State of Georgia; (ii) Defendant has committed acts of patent infringement within and/or directed toward residents of the State of Georgia; (iii) Defendant's acts of patent infringement have caused injury within the State of Georgia, and Defendant regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods used or consumed or services rendered in this state; (iv) Defendant purposefully directs activities toward residents of the State of Georgia; (v) the cause of action set forth herein arises from or relates to

Defendant's activities in the State of Georgia; and/or (vi) the exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

6.      More specifically, Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including by the provision of interactive web pages) its infringing products in the United States, the State of Georgia, and the Northern District of Georgia.  Upon information and belief, Defendant has committed patent infringement in the State of Georgia and in the Northern District of Georgia.  Defendant solicits customers in the State of Georgia and in the Northern District of Georgia.  Defendant has paying customers who are residents of the State of Georgia and the Northern District of Georgia and who each use Defendant's products in the State of Georgia and in the Northern District of Georgia.

7.      Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8.      Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-7, above, as if set forth verbatim herein

9.      Defendant has infringed and is still infringing the '686 Patent by making, selling, and using bow sights that embody the patented invention, and Defendant will continue to do so unless enjoined by this Court.

10.     To the extent any such notice may be required, Federal Signal received actual notice of its infringement of the '686 patent at least as early as the filing of the original complaint in this action, pursuant to 35 U.S.C. § 287(a).

11.     Defendant's activities have been without authority and/or license from Plaintiff.

12.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13.     Defendant's infringement of Plaintiff's exclusive rights under the '686 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **JURY DEMAND**

14.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.   An adjudication that one or more claims of the '686 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.   An accounting and an award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C.   A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant from further acts of infringement with respect to the claims of the '686 patent;

D.   That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E.   Any further relief that this Court deems just and proper.

This 14th day of November, 2011.

KENT LAW, P.C.

/s/*Daniel A. Kent*
Daniel A. Kent
Georgia Bar Number 415110
dan@kentiplit.com
555 N Point Ctr E Ste 400
Alpharetta, GA 30022
Tel:  (404) 585-4214
Fax:  (404) 829-2412

Attorneys for Plaintiff